2021 IL App (1st) 200880-U

No. 1-20-0880

Order filed June 1, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 184002058 |
| | ) | |
| SUSAN STIEGLER, | ) | The Honorable |
| | ) | Kristyna C. Ryan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Cobbs concurred in the judgment.

## **ORDER**

¶ 1    *Held*:   Defendant's conviction for criminal trespass to state supported land is affirmed over her challenge to the sufficiency of the evidence.

¶ 2    Following a bench trial, defendant Susan Stiegler was found guilty of criminal trespass to

state supported land and sentenced to two years of conditional discharge.[1] On appeal, defendant

---

[1]The trial court reduced defendant's term of conditional discharge to one year after she filed her notice of appeal, but the record on appeal does not reflect why.

contends her conviction should be reversed where the State failed to establish she received notice her entry into a Berwyn Police Department parking lot was prohibited, failed to establish she acted knowingly, and failed to establish she interfered with another person's use or enjoyment of the parking lot. We affirm.

¶ 3    Defendant was charged with one count of criminal trespass to state supported land (720 ILCS 5/21-5(a) (West 2018)), which alleged she knowingly entered an employee parking lot on the land of the Berwyn Police Department after receiving notice from a sign that read, "Do Not Enter No Unauthorized Vehicles" and "Police Business Only," and that the property was supported with State of Illinois funds.[2]

¶ 4    Berwyn police detective Carl Gray testified he was on duty on March 22, 2018. At approximately 11:30 a.m., he went to the Berwyn police station's parking lot for officers' personal vehicles in response to a radio dispatch that a person was video recording in the lot. When Gray arrived, he saw his partner talking to defendant, whom he identified in court. Gray saw defendant walking away from his partner holding a cell phone and a camera on a "selfie stick." Gray and his partner arrested defendant for criminal trespass to state supported land.

¶ 5    Gray transported defendant to an interview room in the police station and read her *Miranda* warnings. Defendant acknowledged she saw a "Do Not Enter" sign in the parking lot, but claimed it only applied to vehicles, not people. Defendant also stated her "hobby" was "First Amendment auditing where she would go to police stations, public buildings where there was no trespassing signs or public areas and to see – basically to see how far they could go before they were stopped by police."

___

[2]The State withdrew one count alleging defendant violated her bond.

¶ 6    Gray testified defendant filming the license plates of officers' personal vehicles "would place every officer who works in that building in fear for their families' safety." He testified "[p]lates have been obtained before, license plates gotten." The parking lot was also used to store undercover police vehicles.

¶ 7    Gray identified photographs of the Berwyn police station as it appeared on March 22, 2018, which the State moved into evidence. Two photographs depict a sign at a roadway leading to a parking lot, which Gray identified as the parking lot for officers' personal vehicles. The sign is white with large red all-capital lettering which reads, "DO NOT ENTER," and underneath in smaller print, "AUTHORIZED VEHICLES ONLY." Another photograph depicts a sign that says, "POLICE BUSINESS ONLY." Gray testified this sign pertained to street parking in front of the police station.

¶ 8    On cross-examination, Gray testified Officer Phillip Grazzini called dispatch from his personal vehicle regarding defendant's presence in the parking lot. The "DO NOT ENTER[/]AUTHORIZED VEHICLES ONLY" sign was located directly next to a driveway leading into the parking lot. Gray testified defendant's actions made him feel "upset" and "threatened."

¶ 9    The State moved a video recording into evidence. No witness testified about this video recording, but the parties stipulated to its foundation and admissibility. This video recording appears to have been taken by defendant, who identifies herself as "Chi-Town Sue." Defendant walks into the lobby of the Berwyn police station and remains there for approximately five minutes but does not interact with anyone. During that time, she records various signs and notices, as well as commemorative items and a "Blue Lives Matter" display. She then walks outside and says she is going "in the back where they park." Defendant walks down a sidewalk next to the police station

and into a parking lot that contains both marked police vehicles and unmarked vehicles. There are no signs near the sidewalk leading from the front of the police station to the parking lot. Defendant focuses her camera on the license plate of almost every vehicle parked in the lot.

¶ 10    An officer approaches defendant and speaks with her. Defendant acknowledges "it says [she] can't drive back there," but claims "it doesn't say private property" and "it only says *** [she] can't *** come in here with a car." Defendant walks back toward the front of the police station and a second officer approaches. Defendant's camera points at the sky and the sound of handcuffs can be heard.

¶ 11    Benjamin Daish testified he was the finance director for the City of Berwyn. The Berwyn Police Department received funding from the State of Illinois, including funding for its parking lots.

¶ 12    Defendant moved five photographs into evidence. No witness testified about these photographs, but the parties stipulated an investigator employed by the office of the Cook County Public Defender took them on September 18, 2018. These photographs depict a yellow barrier across a sidewalk leading toward a parking lot near the Berwyn police station. Affixed to the barrier are signs that read, "Restricted Area No Unauthorized Personnel Beyond This Point" and "No Trespassing Violators Will be Prosecuted."

¶ 13    In closing, the State argued the "DO NOT ENTER" sign gave defendant notice she was not permitted to enter the personal vehicle parking lot, and defendant interfered with police use of the parking lot because she was "potentially making public private information that puts lives at risk and the function of the police department at risk." In response, defendant conceded she "knowingly entered" the parking lot but contended the "DO NOT ENTER" sign applied only to vehicles, not to people entering the parking lot on foot as defendant did. Defendant also argued

there was no evidence her filming license plates of officers' personal vehicles actually put anyone at risk.

¶ 14    The court found defendant guilty of criminal trespass to state supported land. The court concluded "there was a clear conspicuous notice forbidding entry to the lot." The court reasoned the video showed defendant "recording private employee vehicles and zooming in on the license plates," which constituted interfering with others' use and enjoyment of the land.

¶ 15    Defendant filed a motion for new trial, which argued the State failed to prove her guilty beyond a reasonable doubt. The court denied this motion.

¶ 16    The trial court sentenced defendant to two years' conditional discharge. Defendant timely appealed. Six months after defendant filed her notice of appeal, the court reduced her sentence to one year of conditional discharge. The record does not reflect why.

¶ 17    On appeal, defendant contends her conviction should be reversed because the State failed to prove her guilty beyond a reasonable doubt. Specifically, defendant argues the evidence did not establish she received notice her entry into the parking lot was prohibited, did not establish she acted knowingly, and did not establish her entry into the parking lot interfered with another person's use or enjoyment of the land.

¶ 18    When a defendant challenges the sufficiency of the evidence, we examine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Jordan*, 218 Ill. 2d 255, 269 (2006). The trier of fact has the responsibility to determine the credibility of witnesses and the weight to be given their testimony, as well as to resolve any conflicts in the evidence and to draw reasonable inferences from the evidence. *Id.* We will not reverse a defendant's conviction

unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011).

¶ 19     To prove defendant guilty of criminal trespass to state supported land, the State had to establish (1) state funds supported the land in whole or in part, (2) defendant received notice forbidding her entry, and (3) after receiving notice, defendant interfered with another person's use or enjoyment of the land. See 720 ILCS 5/21-5(a) (West 2018); *People v. Quiroga*, 2015 IL App (1st) 122585, ¶ 16. The first element is not at issue in this appeal.

¶ 20     Defendant first challenges the sufficiency of the evidence she received notice her entry into the parking lot was prohibited. A defendant has received notice if a printed or written notice forbidding entry to her "has been conspicuously posted or exhibited at the main entrance to the land or the forbidden part thereof." 720 ILCS 5/21-5(a) (West 2018).

¶ 21     We find the evidence established defendant received notice her entry to the Berwyn police station personal vehicle parking lot was prohibited. The main entrance to the parking lot was marked with an unobstructed sign written in large red all-capital letters on a white background that stated, "DO NOT ENTER," and beneath that, "AUTHORIZED VEHICLES ONLY." Defendant told Gray she saw this sign, and a reasonable factfinder could infer from the video that defendant saw this sign, as she referenced it when speaking to the first police officer who approached her. It is difficult to see how defendant could interpret "DO NOT ENTER" as an indication she was allowed to enter. Moreover, defendant was not in a vehicle, much less an authorized vehicle, and the sign stated *only* authorized vehicles were permitted in the parking lot. Thus, a rational factfinder could conclude the entrance to the parking lot was conspicuously marked with a printed notice forbidding defendant's entry.

¶ 22 Defendant's reliance on *Sroga v. Weiglen*, 649 F.3d 604 (7th Cir. 2011), is unpersuasive. *Sroga* was a civil rights lawsuit in which the Seventh Circuit reviewed whether police officers had probable cause to arrest the plaintiff for criminal trespass to state supported land. *Sroga*, 649 F.3d at 605-10 ("the issue is probable cause to arrest rather than proof of guilt."). It does not support a conclusion the evidence defendant committed criminal trespass to state supported land in this case was insufficient. Accordingly, we find the evidence established defendant received notice she was forbidden from entering the parking lot at issue.

¶ 23 Defendant next contends the State failed to prove she acted knowingly.

¶ 24 Section 5/21-5(a) does not provide an explicit mental state the State must establish to prove a defendant guilty of criminal trespass to state supported land. 720 ILCS 5/21-5(a) (West 2018). Defendant cites no case discussing the required mental state for criminal trespass to state supported land specifically and we have found none. However, the Criminal Code of 2012 provides that if a statute does not prescribe a particular mental state to an offense, then "any mental state defined in Sections 4-4, 4-5, 4-6 is applicable." 720 ILCS 5/4-3(b) (West 2018). Those three sections prescribe mental states of intent, knowledge, and recklessness, respectively. 720 ILCS 5/4-4, 4-5, 4-6 (West 2018).

¶ 25 We need not decide which mental state section 5/21-5(a) prescribes. A rational factfinder could have concluded the evidence established defendant acted either knowingly or intentionally. Defendant told Gray her "hobby" involved going to police stations and public buildings with signs that prohibit trespassing to see how far she could get before police stopped her. Moreover, defendant admitted to Gray she saw the sign at the entrance to the parking lot that read "DO NOT ENTER." On the video recording, defendant announced her intention to enter the lot where "they," *i.e.*, police officers, parked their cars. She referenced the sign prohibiting entry into the parking lot

when she was speaking with Gray and his partner. Accepting defendant's argument on this point would essentially require us to find defendant entered the parking lot by accident, which strains credulity. Thus, we find the evidence sufficiently established defendant's culpable mental state.

¶ 26 Finally, defendant challenges the sufficiency of the evidence establishing her conduct interfered with anyone's use or enjoyment of the parking lot. She concedes she filmed license plates of vehicles in the parking lot but contends "there was no actual evidence that the license plates that were recorded were officers' private vehicles."

¶ 27 A defendant interferes with the use or enjoyment of land when she engages in the " 'kind of conduct which by its nature tends to hinder, disrupt or obstruct the orderly function of the official enterprise being carried on in the building or on the land.' " *Quiroga*, 2015 IL App (1st) 122585, ¶ 18 (quoting *People v. Holtzman*, 10 Ill. App. 3d 528, 529-30 (1973)).

¶ 28 We find the evidence established the interference element of criminal trespass to state supported land. Defendant's behavior prompted a complaint from Officer Grazzini, who was in his personal vehicle, to the Berwyn dispatcher. Defendant's conduct also required two Berwyn detectives, Gray and his partner, to spend time arresting and interviewing her rather than handling other duties.

¶ 29 Moreover, the video established defendant filmed the license plates of vehicles in the parking lot. Gray testified the parking lot was for the personal vehicles of police personnel, so it is reasonable to infer defendant filmed the license plates of police officers' personal vehicles. A reasonable factfinder could conclude defendant's conduct would make Berwyn police officers uncomfortable parking their personal vehicles in the lot, which would make it more difficult for them to travel to and from work. Viewed in the light most favorable to the State, the evidence established defendant disrupted Berwyn Police Department personnel.

¶ 30    Defendant contends Gray's testimony she jeopardized officer safety because "[p]lates have been obtained before, license plates gotten" was inadmissible hearsay. We express no opinion as to whether this testimony was hearsay. Defendant did not object to this testimony as hearsay at trial; thus, she has forfeited this argument on appeal. See *Guski v. Raja*, 409 Ill. App. 3d 686, 695 (2011) (failure to object contemporaneously to allegedly improper testimony results in forfeiture on appeal).

¶ 31    The cases defendant cites are distinguishable and do not warrant reversal of her conviction.[3] See, *e.g.*, *Quiroga*, 2015 IL App (1st) 122585, ¶ 21 (school principal saw parent approaching other parents on the playground but did not know what he was doing); *Holtzman*, 10 Ill. App. 3d at 530 (1973) (university student solicited signatures for a petition in a cafeteria and lobby); *People v. Duda*, 84 Ill. 2d 406, 412-13 (1981) (protestors held demonstration outside Illinois capitol building on a holiday weekend Sunday, when the building was closed and no state employees were interfered with). Accordingly, we find the State proved the interference element of criminal trespass to state supported land beyond a reasonable doubt.

¶ 32    For the foregoing reasons, we affirm defendant's conviction.

¶ 33    Affirmed.

---

[3]*Sroga*, which defendant claims supports her argument with respect to the notice element, undermines her argument with respect to the interference element. The Seventh Circuit held police had probable cause to arrest the plaintiff for criminal trespass to state supported land because he entered a police station parking lot and was "peering into police cars and [pestered] the officer whom he found sitting in her police car." *Sroga*, 649 F.3d at 609.